```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
```

DARRYL MARRANT,  **MEMORANDUM & ORDER**
 10-cv-4888 (KAM)(RML)

          Plaintiff,

    -against-

MRS. WILLIAMS, MRS. FERGUSSON,
DEPT. OF CORRECTIONS et al.,

          Defendants.

```
--------------------------------------X
```

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

      *Pro se* plaintiff filed the instant action on October 12, 2010. For the reasons set forth below, plaintiff's complaint is dismissed with prejudice.

## BACKGROUND

      On October 12, 2010, plaintiff Darryl Marrant ("plaintiff") commenced this *pro se* action against defendants Mrs. Williams, Mrs. Ferguson, and the Department of Corrections et al. ("defendants"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (*See generally* ECF No. 1, Complaint ("Compl.").) Plaintiff claims that he was not provided with toilet paper or a toothbrush during his incarceration and seeks monetary damages. (*Id.* at 4-5.)

1

On April 22, 2011, in accordance with this chambers' practices, defendants filed a letter requesting a pre-motion conference to discuss their proposed motion to dismiss. Because plaintiff was proceeding *pro se,* the court waived the pre-motion conference and adopted defendants' proposed briefing schedule on their motion to dismiss plaintiff's complaint. (*See* Order dated 4/22/11.) Pursuant to that schedule, defendants were to serve their motion to dismiss by May 20, 2011, plaintiff was directed to serve his opposition to defendants' motion by June 17, 2011, and defendants were directed to serve their reply and file the fully briefed motion via the Electronic Case Filing System by July 1, 2011. (*Id.*)

By letter dated July 1, 2011, defendants indicated that they had served plaintiff with their motion to dismiss on May 20, 2011, as directed. (ECF No. 15, Letter from Gloria Yi, counsel to defendants, dated July 1, 2011.) Defendants further indicated that they had received no opposition papers from plaintiff. (*Id.*) Accordingly, defendants filed the motion to dismiss as unopposed. (*Id.*)

On August 5, 2011, the court issued the following order:

> ORDER TO SHOW CAUSE. Whereas plaintiff was served with a copy of the court's briefing

> schedule regarding defendants' motion to
> dismiss plaintiff's complaint on 4/22/11
> (Order dated 4/22/11); whereas plaintiff
> was directed to file his opposition to
> defendants' motion to dismiss by 6/17/11
> [12]; and whereas plaintiff failed to
> respond to defendants' motion to dismiss
> by 6/17/11 [15], plaintiff Marrant is
> ordered to show cause by 9/6/11 why his
> case should not be dismissed for failure
> to prosecute. Counsel for defendants
> shall serve a copy of this order on pro se
> plaintiff and file a declaration of
> service by 8/8/11. Ordered by Judge Kiyo
> A. Matsumoto on 8/5/2011. (Zeehandelaar,
> Rachel) (Entered: 08/05/2011).

Defendants served plaintiff with a copy of this order on August 16, 2011. (ECF No. 19-1, Certificate of Service, dated Aug. 17, 2011.) To date, plaintiff has not responded to the court's Order to Show Cause.

## **STANDARD**

A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or with a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of

3

discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, plaintiff has allowed his case to lie dormant with no activity since its inception eleven months ago. That length of time is sufficient to justify dismissal. *See e.g., Antonio*

4

*v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more).  Second, plaintiff was given notice that further inactivity could lead to dismissal.  The court specifically ordered plaintiff to show cause why his complaint should not be dismissed for failure to prosecute.  (*See* Order dated August 5, 2011.)  Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants.  *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43).  Fourth, this dormant case has remained on the court's docket for almost a year and there is no indication that plaintiff will move it forward in the future.  Finally, no lesser sanction than dismissal is likely to be effective in light of plaintiff's failure to respond defendants' motion to dismiss or to the court's orders directing plaintiff to take action on pain of possible dismissal.

## **CONCLUSION**

For the reasons set forth above, plaintiff's complaint is dismissed with prejudice.  Counsel for defendants is respectfully requested to serve a copy of this Memorandum and Order on *pro se* plaintiff and file a declaration of

service on the docket.  The Clerk of Court is respectfully requested to enter judgment for defendants and close this case.

**SO ORDERED.**

Dated:    Brooklyn, New York
          September 14, 2011

                                    _____/s/_____
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York